IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDY LYN MCKINNEY, ) | |
| ) | |
| Petitioner, ) | Case No. CV-96-177-S-BLW |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| GREG FISHER, Warden, ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| _____ ) | |

Before the Court is Petitioner's Motion to Certify Interlocutory Appeal from the Court's decision that the Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case. For the reasons that follow, the Motion will be granted.

## STANDARD OF LAW

A district court has the authority under 28 U.S.C. § 1292(b) to certify an appeal from an interlocutory order in a civil case when the court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. The statute "provides a mechanism by which litigants can bring an immediate

**Memorandum Decision and Order - 1**

appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). In accordance with the strong presumption that an appeal should be delayed until the case is finally resolved, certification should only be granted when the party seeking the appeal shows that exceptional circumstances exist such that an immediate appeal could save significant time and resources. *Id*. at 1026.

## DISCUSSION

Respondent concedes that two of the three requirements for certification are present in this case. In particular, Respondent does not dispute that the Court's decision regarding AEDPA's applicability involves "a controlling question of law" and that an immediate appeal "may materially advance the ultimate termination of the litigation." The Court agrees. There can be no doubt that AEDPA significantly altered the standard of review that a district court must apply to the merits of constitutional claims, and the resolution of critical procedural issues may also turn on whether pre-AEDPA or post-AEDPA standards apply. *See, e.g.*, 28 U.S.C. § 2254(d)–(e)(2); 28 U.S.C. § 2244(d). Moreover, while the current litigation would not be terminated if the Court of Appeals were to reverse on this issue, such a decision could save substantial time and resources that would otherwise be expended while litigating the case under AEDPA's standards.

**Memorandum Decision and Order - 2**

Petitioner and Respondent part ways, however, with respect to the additional requirement that there be a "substantial ground for difference of opinion" as to the controlling question of law.  Respondent contends that Petitioner simply disagrees with the Court's decision, perhaps strongly, and that a strong disagreement is insufficient.  Petitioner counters that the unsettled nature of the law satisfies this requirement.  Though the issue is close, the Court agrees with Petitioner.

In *Woodford v. Garceau*, 538 U.S. 202 (2003), the Supreme Court concluded that if an application for habeas relief seeking an adjudication on the merits of a petitioner's claims was pending in district court on the date that AEDPA was enacted, then AEDPA's amendments to chapter 153 of Title 28 of the United States Code do not apply.[1]  *Id.* at 207, 210.  In reaching that conclusion, the Supreme Court determined that other preliminary filings, such as a request for the appointment of counsel and a motion to stay the execution, are not "applications for habeas relief" because they do not place the merits of any claims before the court.  *Id.* at 207.  Applying *Garceau* to the present case, this Court determined that Petitioner's pre-AEDPA Statement of Issues Re Petition for Writ of Habeas Corpus was not an application for habeas relief because it did not seek an

---

[1] Chapter 154, which includes special "opt-in" provisions in capital habeas cases, is not at issue.

**Memorandum Decision and Order - 3**

adjudication on the merits of any claims.[2]  (Docket No. 184, pp.5-8.)

While the Court is convinced that this decision is correct, it agrees with Petitioner that reasonable jurists could debate the proper application of the *Garceau* standard to cases in which a prisoner had submitted something slightly more substantial than a bare bones request for the appointment of counsel and a motion for a stay of execution, and perhaps a couple of non-frivolous issues supporting those requests.  The Court further agrees with Petitioner that case law applying *Garceau* to such cases is sparse.  Therefore, Petitioner has persuaded the Court that there is a substantial ground for difference of opinion as to this controlling question of law.  Because all of the conditions for an immediate appeal are satisfied, the Court will grant his request to certify an appeal from its interlocutory order.[3]

Finally, given the procedural posture of this case, the Court is constrained to

---

[2]  Contrary to Petitioner's contention, the Court did not find that *Garceau* required a formal "petition" to be filed.  (Docket No. 189, pp. 3-4.)  The Court instead ruled that Petitioner's pre-AEDPA filing did not constitute an application for relief, as defined and illustrated by *Garceau*.

[3]  The Court does not believe that its rejection of Petitioner's alternative argument that the 1997 Petition relates back to the 1989 Petition merits immediate review.  But because 28 U.S.C. § 1292(b) contemplates an appeal from an *order*, rather than a certified *question*, an appellate court is not limited to the precise question that the lower court has identified.  *Bassidji v. Goe*, 413 F.3d 928, 935 (9th Cir. 2005).  Thus, the decision whether to address Petitioner's alternative argument rests with the Court of Appeals, if it accepts review.

**Memorandum Decision and Order - 4**

conclude that the case must be stayed pending the appeal.  Because the appealable issue is limited and is based on a small and clear portion of the record, the Court does not believe that an order staying this case will cause excessive delay.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Certify Interlocutory Appeal (Docket No. 185) is GRANTED.  The Court's March 7, 2006, Memorandum Decision and Order is amended as follows: the Court's decision that the provisions of the Antiterrorism and Effective Death Penalty Act apply to this case involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

IT IS FURTHER ORDERED that this case will be stayed until the Court of Appeals has issued an order denying permission to appeal or, if permission is

**Memorandum Decision and Order - 5**

granted, it has issued a final decision.



DATED: **May 9, 2006**

_B. Lynn Winmill_
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 6**