IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDY LYN MCKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-96-177-S-BLW |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| GREG FISHER, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is Respondent's Motion to Strike Appendices Attached to Petitioner's Reply Brief in Support of Motion for Evidentiary Hearing.  (Docket No. 233.)  In those appendices, Petitioner McKinney has attached four affidavits from individuals who served as jurors at his criminal trial.  (Docket No. 229-2, Appendices A-D.)  The affidavits contain facts related to the jurors' testing of the trigger mechanism on the handgun that had been admitted into evidence and how the weight of the trigger pull impacted each juror's view of McKinney's testimony. (Docket No. 229-2, Appendices A-D.)

Rule 606(b) of the Federal Rules of Evidence prohibits jurors from testifying "as to any matter or statement occurring during the course of the jury's deliberations or the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or

**ORDER - 1**

indictment or concerning the juror's mental processes in connection therewith."

Fed. R. Evid. 606(b). Post-verdict testimony is instead limited to (1) whether

extraneous prejudicial information was improperly brought to the jury's attention,

or (2) whether any outside influence was improperly brought to bear upon any

juror. *United States v. Rutherford*, 371 F.3d 634, 640 (9th Cir. 2004). Even under

these exceptions, a court may not consider any testimony about the subjective

effect that extraneous contact or information may have had on a particular juror, or

on the decision-making process generally. *Sassounian v. Roe*, 230 F.3d 1097,

1108-09 (9th Cir. 2000).

To the extent that McKinney has offered the affidavits in this case simply to

show that the jurors pulled the trigger on the gun before their deliberations began,

the Court concludes that this information would fall outside of the exclusion in

Rule 606(b). But the majority of the information relates to the effect that pulling

the trigger had on the individual jurors, and, moreover, on why they voted to

"assent to . . . the verdict." This is precisely the type of evidence that is excluded

by Rule 606(b), and it will not be considered by the Court in this proceeding.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion

to Strike (Docket No. 233) shall be GRANTED in part and DENIED in part, as set

**ORDER - 2**

forth above.



DATED:  **September 5, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 3**