IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDY LYN MCKINNEY, ) | |
| ) | |
| Petitioner, ) | Case No. CV 96-0177-S-BLW |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| GREG FISHER, Warden, ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| _____ ) | |

This capital habeas corpus matter is currently set for oral argument on the merits of the non-dismissed claims in the Third Amended Petition.  Pending before the Court are the following motions: (1) Respondent's Motion to Strike (Docket No. 265); (2) Petitioner's Motion to Expand the Record (Docket No. 272); and (3) Petitioner's (second) Motion to Expand the Record (Docket No. 276).

To narrow the potential issues to be addressed at oral argument, the Court shall resolve these Motions now based on the parties' briefing and the written record.

### BACKGROUND

The Court previously denied Petitioner Randy McKinney's Motion for an Evidentiary Hearing, and the parties have since submitted final briefing.  (Docket

**MEMORANDUM DECISION AND ORDER - 1**

No. 237.)  McKinney seeks to expand the existing record with the following material:

- two "juror qualification forms" allegedly containing the trial prosecutor's notations in the margins (Docket No. 247-2, Appendix A to Petitioner's Brief on the Merits);

- an October 30, 1981 letter from Dr. Gary Payne, Ph.D., to the Honorable Arnold Beebe (Docket No. 247-2, Appendix B to Petitioner's Brief on the Merits); and

- a 48-page Social History Report for Randy Lyn McKinney, with attachments (Docket No. 276-2.)

Respondent initially objected to expanding the record with all of this material, but has since withdrawn his objection to the letter from Dr. Gary Payne. (Docket No. 273, p. 4.)  Respondent also seeks to strike four juror affidavits that McKinney attached to his Reply to State's Response to Motion for Evidentiary Hearing.  (Docket No. 229, Appendices A-D.)

The parties have fully briefed these matters, and the Court is prepared to issue its decision.

## STANDARD OF LAW

Under Rule 7 of the Rules Governing Section 2254 Cases, a federal district

**MEMORANDUM DECISION AND ORDER - 2**

court has the authority to expand the record in a habeas proceeding with "additional materials relating to the Petition." In a cases that are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), however, Rule 7 must be construed in light of AEDPA's provisions limiting new evidentiary development. Specifically, 28 U.S.C. § 2254(e)(2) prohibits an evidentiary hearing in federal court when the petitioner "failed to develop" the factual basis of a claim in state court, unless one of two narrow exceptions is applicable. This restriction also applies when the petitioner seeks relief on new evidence without an evidentiary hearing. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004); *accord Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

A petitioner will be freed from the restraints of § 2254(e)(2) if the district court concludes that he was not at fault for the lack of factual development in state court. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). The resolution of that issue turns on whether the petitioner or his counsel acted with reasonable diligence in state court, which "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims." *Id.* at 431. If the petitioner exercised diligence but was unable to develop the facts, then the decision whether to allow new evidentiary development reverts to the federal court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

**MEMORANDUM DECISION AND ORDER - 3**

Under those circumstances, the court must hold an evidentiary hearing if the petitioner did not receive a full and fair hearing in state court, and if he has alleged specific facts that, if proven to be true, would entitle him to relief. *Landrigan*, 550 U.S. at 474; *Karis v. Calderon*, 283 F.3d 1117, 1126-27 (9th Cir. 2002).

## DISCUSSION

### The Juror Affidavits

McKinney has attached affidavits from four trial jurors to his Reply to State's Response to Motion for Evidentiary Hearing. Those affidavits contain facts related to the jurors' testing of the trigger mechanism on the murder weapon, which had been admitted into evidence at trial. (Docket No. 229, Appendices A-D.)

This is the second time that Respondent has sought to strike the affidavits from the record. In his first Motion, he relied exclusively on Rule 606(b) of the Federal Rules of Evidence to argue that the affidavits were inadmissible. (Docket No. 233.) The Court agreed that Rule 606(b) prohibited consideration of the affidavits insofar as McKinney has offered them to show the "effect that pulling the trigger had on the individual jurors" or to provide reasons for jurors' decision to assent to the verdict. (Docket No. 236, p. 2.) On the other hand, the Court found that "[t]o the extent that McKinney has offered the affidavits in this case

**MEMORANDUM DECISION AND ORDER - 4**

simply to show that the jurors pulled the trigger on the gun before their deliberations began," such information fell outside of Rule 606(b). (Docket No. 236, p. 2.)

Though Respondent has expanded his objection to include § 2254(e)(2) as a basis for exclusion, the Court sees no reason to change its previous ruling. The fact that the "jurors pulled the trigger on the gun before their deliberations began" can be deduced from the trial transcript. (State's Lodging B-13, p. 1576) (where the prosecuting attorney's request "that the firearm be passed among the jury so they can test the trigger pull themselves" is granted). The currently limited permissible use of the affidavits adds little to the record in that regard.

**Juror Qualification Forms and Social History Report**

McKinney seeks to expand the record with two "juror qualification forms" with written notations, ostensibly to bolster his claim of prosecutorial misconduct (Claim 6). He also asks to submit a narrative report of his life history, with attachments, to support his claim that his trial counsel was ineffective in failing to conduct a reasonable mitigation investigation (Claim 1).

The Court previously denied McKinney's request for an evidentiary hearing on these same claims. (Docket No. 237.) In particular, the Court found that McKinney had failed to provide any argument showing why a hearing is necessary

**MEMORANDUM DECISION AND ORDER - 5**

on the claim of prosecutorial misconduct, and, in any event, the claim can be resolved on the existing record.  (Docket No. 237, p. 3 n.6.)  For the allegations of ineffective assistance of counsel, the Court concluded that McKinney had a full and fair opportunity to develop the facts at a state court evidentiary hearing during his first post-conviction proceeding, and to the extent that he now wants to offer additional evidence, his failure to do so at the appropriate time is due to his lack of diligence.  (Docket No. 237, pp. 6-8.)  McKinney has not persuaded the Court that these decisions were unsound or that the legal analysis is different because he seeks to offer evidence supporting his claims without an evidentiary hearing.

McKinney's initial argument that the Court is free to expand the record under Rule 7 without concern about the constraints in 28 U.S.C. § 2254(e)(2) is squarely foreclosed by *Holland v. Jackson*, 542 U.S. 649 (2004), and *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005).

In *Holland*, the Supreme Court reversed the Sixth Circuit's grant of habeas relief on a claim of ineffective assistance of counsel, holding that "[t]he Sixth Circuit erred in finding the state court's application of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] unreasonable on the basis of evidence not properly before the state court."  *Id*. at 652.  The Court noted that the new evidence might have been the subject of an evidentiary hearing in federal court if the petitioner was not at

**MEMORANDUM DECISION AND ORDER - 6**

fault in failing the develop the evidence in state court, or "if the conditions prescribed by § 2254(e)(2) were met," but the Sixth Circuit had never addressed those issues. *Id*. The Court further concluded that these same limitations will apply "*a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." *Id*. at 653 (emphasis in original).

In *Cooper-Smith*, the Ninth Circuit relied on *Holland* to hold that habeas petitioners who seek to expand the record with new evidence under Rule 7 must comply with § 2254(e)(2), at least when the new evidence goes to the merits of their claims. 397 F.3d at 1241. This decision is consistent with the comity, federalism, and finality interests that AEDPA is intended to support, and it appears to be the prevailing view in other circuit courts that have addressed the issue.[1] *See e.g. Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) ("[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints"); *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003) ("[w]hile § 2254(e)(2) refers only to evidentiary hearings, it

---

[1] Rule 7 likely retains some independence from § 2254(e)(2) when a petitioner only intends to establish some preliminary point, such as proving cause and prejudice to excuse a procedural default, rather than offering new evidence to show that he is entitled to habeas relief on the merits. *See*, *e.g.*, *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002) (holding that § 2254(e)(2) is not applicable to evidentiary hearing on procedural default); *accord Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001).

Here, however, McKinney is seeking relief based on evidence that he has not presented to the state courts.

**MEMORANDUM DECISION AND ORDER - 7**

governs as well '[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing'") (citation omitted); *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (same).

McKinney next argues that even assuming that § 2254(e)(2) is applicable, this Court has applied an unduly narrow interpretation of the degree of diligence that must be shown to be freed from restrictions in the statute. He seems to suggest that as long as a petitioner has offered some evidence in state court and has properly exhausted a claim, he has been diligent and § 2254(e)(2) should not be a barrier to offering new evidence on that same claim in federal court. The Court is not persuaded by this argument.

The Supreme Court has repeatedly emphasized that as a general rule whether a state court's adjudication of a constitutional claim in a post-AEDPA case is unreasonable must be determined "in light of the record the court had before it." *Holland*, 542 U.S. at 652 (citations omitted). To be consistent with this directive, the diligence assessment under § 2254(e)(2) must focus on whether the petitioner attempted to develop all of the material facts in state court that he believes supports a claim. To be sure, if the state court placed an impediment in the petitioner's way so that he was prevented from investigating the facts fully or offering material evidence–for instance, by denying resources or an evidentiary hearing, or by

**MEMORANDUM DECISION AND ORDER - 8**

severely limiting the scope of a hearing–then he cannot be held responsible for an inadequate record. But when the petitioner had a full and fair opportunity to present evidence and simply did not do so because of tactical reasons or inattention, then § 2254(e)(2) prohibits him from making an end run around the state court to the federal court. *See Cooper-Smith*, 397 F.3d at 1241 ("[t]he failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence"); *Gingras v. Weber*, 543 F.3d 1001, 1004 (8th Cir. 2008) (finding that the petitioner was at fault for not developing a more comprehensive record at his state court evidentiary hearing).

*Vasquez v. Hillery*, 474 U.S. 254 (1986), a pre-AEDPA case on which McKinney relies, is inapposite to the precise issue at hand. In *Vasquez*, the Court held that a petitioner's submission of supplemental evidence that does not fundamentally alter the essence of a claim that was fairly presented to the state court will not render the claim unexhausted on habeas review. *Id.* at 260. But *Vasquez* was an *exhaustion* case, not a case that explored the limits of a federal court's authority to accept new evidence in the first place. Indeed, it was assumed that the district court had broad discretion at that time under Rule 7 to order the record to be expanded. *See id.* at 258 ("[t]he sole question here is whether this valid exercise of the court's power to expand the record had the effect of

**MEMORANDUM DECISION AND ORDER - 9**

undermining the policies of the exhaustion requirement"). In a post-AEDPA case, questions regarding whether a petitioner can rely on new evidence to prove that he is entitled to relief must be routed through § 2254(e)(2).[2]

Nor does McKinney "stand before this Court in a similar posture" as the petitioner in *Hall v. Quarterman*, 534 F.3d 365 (5th Cir. 2008). (Docket No. 276-12.) There, the Fifth Circuit remanded to the district court for an evidentiary hearing on a claim of mental retardation under *Atkins v. Virginia*, 536 U.S. 304 (2002). In reaching that conclusion, the Fifth Circuit found that § 2254(e)(2) was not applicable because the petitioner had proffered significant evidence in state court that was "more than adequate to establish a factual basis for his mental retardation claim," and yet the "state failed to provide a full and fair hearing and where such a hearing would bring out facts which, if proven true, support habeas relief." *Id*. at 367-68. In other words, the petitioner was diligent in state court but was prevented from fully developing the facts.

In contrast to *Hall*, in which the petitioner had only a "paper hearing" in

---

[2] The Ninth Circuit's recent decision in *Brown v. Farwell*, 525 F.3d 787 (9th Cir. 2008), does not dictate a different result. Setting aside the Ninth Circuit's apparent conflation in *Brown* of the exhaustion doctrine and post-AEDPA rules governing new evidentiary development in federal court, it is distinguishable on other grounds. Unlike the petitioner in *Brown*, this Court has determined that McKinney did not exercise reasonable diligence in developing the evidence that he now wishes to introduce. Moreover, *Brown* is not a final decision, and it has been accepted for review by the United States Supreme Court. *McDaniel v. Brown*, 129 S.Ct. 1038 (2009).

**MEMORANDUM DECISION AND ORDER - 10**

state court, the Idaho district court *did* afford McKinney an evidentiary hearing at which he was permitted to elicit evidence on his post-conviction claims. He has not shown how he was prevented from developing the evidence in state court that he now wants to present, had he been inclined to do so. And, as this Court has previously found, his claim that post-conviction counsel was negligent or ineffective is insufficient, as his counsel's lack of diligence must be attributable to him. *Williams v. Taylor*, 529 U.S. at 432.

For these reasons, McKinney's request to expand the record with the juror qualification forms and with the Social History of Randy Lyn McKinney, with attachments, shall be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Strike (Docket No. 265) is GRANTED in part and DENIED in part. The juror affidavits, as already limited, and the letter from Dr. Gary Payne (Appendix B to Petitioner's Brief on the Merits), shall not be stricken. The Court will not consider the juror qualification forms (Appendix A to Petitioner's Brief on the Merits).

IT IS FURTHER ORDERED that Petitioner's Motion to Expand the Record (Docket No. 272) is GRANTED in part and DENIED, commensurate with the Court's ruling on Respondent's Motion to Strike.

**MEMORANDUM DECISION AND ORDER - 11**

IT IS FURTHER ORDERED that Petitioner's Motion to Expand the Record with Social History of Randy Lyn McKinney (Docket No. 276) is DENIED, except for any material that is already a part of the state court record.

IT IS FURTHER ORDERED that, without limiting the matters to be discussed at oral argument, the parties may wish to focus their attention on Claim 1(f) (ineffective assistance of counsel in failing to investigate and present mitigating evidence at sentencing regarding Petitioner's abuse as a child) and Claim 5 (unconstitutional use of co-defendant's deposition testimony).

DATED: **June 29, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**